I fully concur with the majority on the second, third and fourth assignments of error. However, on the first assignment of error, I concur in judgment only.
 {¶ 38} I acknowledge the opinion of the Ohio Supreme Court inState v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471. However, only a few years ago that discussion, as to the necessity of a written waiver pursuant to Crim.R. 44(C), would have been described as dicta. Clearly, the Supreme Court's reversal inMartin was based on the trial court's failure to "substantially comply" with the requirements of Crim.R. 44(A) and assuring that the defendant "knowingly, intelligently, and voluntarily waive[d] his right to counsel." The further determination that a written waiver was not executed, but was not essential where there is substantial compliance with Crim.R. 44(A), was unnecessary. The current Supreme Court Rules for the Reporting of Opinions provide in Rule 1(A) that "[t]he law stated in a Supreme Court opinion is contained within its syllabus (if one is provided), and its text, including footnotes." Although the syllabus of Martin makes no reference to a written waiver of counsel, the body of the opinion clearly states that "[i]f substantial compliance [with Crim.R. 44(A)] is demonstrated, then the failure to file a written waiver is harmless error." Martin, 103 Ohio St.3d at ¶ 39.
 {¶ 39} While bound by the decision of the Court in Martin,
I would express my agreement with the concurring opinion of Chief Justice Moyer in Martin. As noted by Chief Justice Moyer:
Crim.R. 44(C) is clear. It provides: "Waiver of counselshall be in open court and the advice and waiver shall berecorded as provided in Rule 22. In addition, in serious offensecases the waiver shall be in writing." (Emphasis added.) Thiscourt has consistently held that when a statute or rule uses theword "shall," the prescription is not advisory; rather, it ismandatory. (Citations omitted.) In adopting Crim.R. 44(C), thiscourt chose the word "shall" three times. We should not deem asadvisory in nature such a clear mandate.
 The purpose of Crim.R. 44 is to ensure that a defendant'sSixth Amendment rights are protected. Crim.R. 44(A) requires awaiver of the right to counsel to be knowing, intelligent, andvoluntary. This language reflects the constitutional standardestablished in Faretta v. California (1975), 422 U.S. 806,835, 95 S.Ct. 2525, 45 L. Ed. 2d 562, that "in order to representhimself, the accused must `knowingly and intelligently' forgothose relinquished benefits," quoting Johnson v. Zerbst(1938), 304 U.S. 458, 464-465, 58 S.Ct. 1019, 82 L.Ed. 1461.Crim.R. 44(C), however, adds a procedural layer of protection byrequiring that a waiver be in writing. This is an additionalsafeguard not mandated by the Constitution. In my view, erroroccurs if compliance is lacking with either Crim.R. 44(A) or(C).
 Martin, 103 Ohio St.3d at ¶¶ 48-49.